ORIGINAL

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2018 JAN 12 AM 11: 45

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:17-CR-167-A |
| JOEY KEMP<br>a/k/a "Joey Two Times" | |

### DEFENDANT JOEY KEMP'S
### MOTION FOR DEPARTURE

TO THE HONORABLE JOHN MCBRYDE, UNITED STATES DISTRICT JUDGE:

Comes Defendant Joey Kemp, by and through counsel, and hereby submits the following Motion for Departure seeking a downward departure pursuant to U.S.S.G. §§ 5H1.3 and 5K2.13 and would show the court as follows:

### I. INTRODUCTION

Mr. Kemp **accepts full responsibility** for his wrongful actions. He requests this Court consider, however, a downward departure given the extraordinary circumstances he encountered in his past and the profound effect it had on his inability to deviate from the only life he knew, a life full of violence, hate, anger and drug abuse. Federal statute requires this Court consider "the history and characteristics of the Defendant" in imposing a sentence "sufficient, but not greater than necessary." 18 U.S.C. 3553(a)(1). "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.3. The United States

Sentencing Guidelines provide this court the discretion to downward depart if "the defendant committed the offense while suffering from a significant reduced mental capacity" defined as a "significantly impaired ability to . . . understand the wrongfulness of the behavior comprising the offense." U.S.S.G. § 5K2.13; *see also* U.S.S.G. § 5K2.0(2)(A) (providing this Court discretion to depart downward from the sentencing guidelines in identified circumstances "not adequately taken into consideration in determining the applicable guideline range" as listed in U.S.S.G. § 5K2.1 *et seq.*).

The Fifth Circuit has expressly recognized the mental and emotional state of a defendant can warrant a downward departure warranting a sentence outside the guidelines. *See United States v. Vela*, 927 F.2d 197, 198-200 (5th Cir. 1991) (holding a district court may but is not required to grant a downward departure for a defendant that was sexually abused by a step-family member that was subsequently denied by her mother). Specifically, "[a] defendant's family history of incest or related treatment which causes defendant to incur a mental or emotional condition that affects criminal conduct, may be a ground for departure in extraordinary cases." *Id.* at 199. Provided the egregious conduct has some causal effect regarding the defendant's criminal conduct, the Court should depart downward from the range set forth in the Sentencing Guidelines. *Id.* at 200 (recognizing the district court "is not free to ignore the mandate of the guidelines in formulating the sentence which such information produces" while affirming the district court's refusal to downward depart as the history of incest did not impact the commission of the crime).

Mr. Kemp suffered an extremely difficult and tortured past, as detailed in his confidential Presentence Report ("PSR"), that directly led to a life of self-guilt and self-doubt. [DE No. 44-

1]. Mr. Kemp's exposure to drug abuse as a child undoubtedly had a profound impact on his behavior as an adult.[1] Other details from his past as outlined in the confidential PSR and discussed during his interview with probation likewise had an impact on his development and self-esteem that directly limited his ability to understand and/or control his self-destructive behavior. *See* [DE No. 44-1, ¶¶ 69-71]. While Mr. Kemp **fully accepts responsibility** for his crime and the facts underlying his conviction, he requests this Court consider these identified circumstances as stated by the Fifth Circuit and the Sentencing Guidelines.

## IV. CONCLUSION

Mr. Kemp's previous family history undoubtedly led to the facts underlying his conviction and other conduct described in his confidential PSR. Simply put, Mr. Kemp needed a place to belong and found it in this world of drug abuse and violence—a world not easily escapable. Mr. Kemp understands this Court must impose punishment but respectfully requests this Court consider his prior history and a potential downward departure based on the same.

---

[1] As explained in 2016 article published by the American Academy of Pediatrics:

> Children are often distressed by their parents' substance use. Children may blame themselves for their parents' behavior and may feel responsible for its cure. Children's prolonged exposure to inappropriate modeling of substance use increase their vulnerability to future substance use. Children of alcoholics are nearly 4 times more likely to have an alcohol use disorder, with rates of hazardous use starting in the adolescent years and continuing into adulthood.

Vincent C. Smith et al., *Families Affected by Parental Substance Use*, Pediatrics, July 18, 2016, at e6, *available at* http://pediatrics.aappublications.org/content/pediatrics/early/ 2016/07/14/peds.2016-1575.full.pdf.

Respectfully submitted,

_____
Mark A. Flores
State Bar No. 24076385
Haynes and Boone, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102-4140
Phone: (817) 347-6600
Fax: (817) 347-6650
Email: mark.flores@haynesboone.com

**ATTORNEY FOR DEFENDANT JOEY KEMP**

**CERTIFICATE OF CONFERENCE**

On the 11th day of January, 2018, Counsel for Kemp conferred with the Assistant United States Attorney regarding this motion. The Assistant United States Attorney indicated during that conference that he takes no position on this motion.

_____
**ATTORNEY FOR DEFENDANT JOEY KEMP**

**CERTIFICATE OF SERVICE**

Counsel for Mr. Kemp hereby certifies that on the 12th day of January, 2018, the foregoing was served via first-class mail to the following:

Shawn Smith
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102

_____
**ATTORNEY FOR DEFENDANT JOEY KEMP**